331 So.2d 399
**Richard MIXON**

v.

**STATE.**

1 Div. 663.

Court of Criminal Appeals of Alabama.

April 20, 1976.

Lloyd E. Taylor, Fairhope, for appellant.

William J. Baxley, Atty. Gen., and Joel E. Dillard, Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

A jury's verdict convicted appellant-defendant of selling marihuana, a controlled substance. Act No. 1407, p. 2378, Acts of 1971; § 29(d), Alabama Uniform Controlled Substances Act, Title 22, (Supplement) Recompiled Code 1958. The court sentenced defendant to seven years imprisonment. The record does not indicate that appellant was an indigent.

It appears from the evidence that the alleged sale was made to J. D. Burchett, an undercover agent for the state; that the sale was made at the home of defendant. The sale price was $30.00 for two "lids."

I

■ Appellant contends that the trial court committed prejudicial error in sustaining the State's objection when the defense attempted to question the witness about any purchases made the day before the alleged offense. The question was:

"Q. Did you buy any marijuana from anybody else that day?

"A. Right off hand, I don't recall. I could have.

"Q. Did you buy any the day before?

"MR. HENDRIX: I object to that. It's immaterial, incompetent and irrelevant."

After further discussion, the court sustained the objection. Only the alleged sale charged in the indictment was at issue and not other sales.

If defense was trying to test the memory of the witness as he here argues in brief, he should have informed the court of such purpose. The court was under no duty to cast about to ascertain it. *Lester v. Jacobs,* 212 Ala. 614, 103 So. 682; Ala.Digest, Vol. 2, Appeal and Error ⚖︎205.

II

■ Defendant was allowed to show that he came out of the Army in March 1974, but objection was sustained as to how long he served in the Army; also objection as to where he had been sta-

tioned was sustained. Objection of State was also sustained as to what kind of discharge the Army issued to him. Defendant's counsel told the court, "It goes to his reputation."

We fail to see that the questions or expected answers tended to enlighten the jury as to defendant's reputation. *Smith v. State,* 36 Ala.App. 209, 55 So.2d 202; *Cox v. State,* 33 Ala.App. 192, 31 So.2d 378.

### III

 Appellant contended in the lower court that the chief witness for the State, J. D. Burchett, the undercover agent, was mistaken in his identity of appellant as the person who sold him the marihuana. He asserted error on the part of the court in refusing to let him show that a third party, who resembled appellant in appearance, wore rings. It appears that the agent testified that appellant at the time of the sale wore rings. This ruling of the trial court, so appellant here asserts, was prejudicial to appellant.

We quote the record before us:

"Q. [by defendant's counsel] Did you ever see him wear rings?

"A. He always does.

"MR. HENDRIX: I object to him leading the witness.

"MR. SMITH: I'm not leading.

"THE COURT: Sustained.

. . . . .

"Q. Did he ever wear jewelry?

"MR. HENDRIX: Judge. . . .

"THE COURT: Sustain the objection."

The State did not make a motion to exclude the witness' answer that defendant always wore rings.

The rulings of the court were free of prejudicial error to defendant. There was prior evidence by this witness as to resemblance in appearances of the two. The minor detail of rings was insignificant.

We hold that the judgment should be and it is affirmed.

The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

AFFIRMED.

TYSON, HARRIS, DeCARLO and BOOKOUT, JJ., concur.